UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| MACK C. STONE,<br><br>  Petitioner,<br><br>V.<br><br>SANDRA BUTLER, Warden,<br><br>  Respondent. | Civil Action No. 17-152-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Mack Stone has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court has thoroughly reviewed Stone's petition, but concludes that it must be denied for the reasons set forth below.

In June 2004, a federal indictment charged Stone with conspiracy to possess with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 846. Following trial, a jury found Stone guilty of the charge. Because Stone had previously committed two or more prior felony drug offenses, on February 24, 2005, the trial court imposed the mandatory sentence of life imprisonment required by 21 U.S.C. § 841(b)(1)(A). On direct appeal the Sixth Circuit affirmed Stone's conviction and sentence in an extensive opinion. *United States v. Stone*, No. 3:04-142 (M.D. Tenn. 2004), aff'd, 218 F. App'x 425 (6th Cir. 2007).

In 2008, Stone filed a motion pursuant to 28 U.S.C. § 2255 seeking relief from his conviction and sentence on numerous grounds. The trial court denied the motion in 2011,

concluding that several of those grounds – including the enhancement of his sentence – had been considered and rejected by the Sixth Circuit on direct appeal. The Sixth Circuit affirmed in 2013. *Stone v. United States*, No. 3: 08-CV-449 (M.D. Tenn. 2008).

In his petition, Stone contends that following the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), his prior felony drug convictions no longer qualify as valid predicate offenses to enhance his sentence. [R. 1] Further analysis reveals that Stone's reliance upon *Mathis* is misplaced, both because that decision does not apply to Stone's sentence at all, and because Stone could not assert a *Mathis* claim in this proceeding even if it did.

State court records attached to Stone's § 2255 motion indicate that on August 8, 1991, he was arrested in Nashville, Tennessee for the sale of cocaine, a Class B felony under T.C.A. § 39-17-417. On November 13, 1991, Stone was arrested again, this time for the sale or delivery of cocaine, also a Class B felony under T.C.A. § 39-17-417. In May 1992, Stone was sentenced to two eight-year prison terms in Case No. 91-D-2338 and Case No. 92-A-556, the terms to run concurrently with one another. *Stone v. United States*, No. 3: 08-CV-449 (M.D. Tenn. 2008) [R. 2-1 at 15-22 therein].

These two convictions that formed the basis for the enhancement of Stone's federal sentence in 2005. Having been found guilty of conspiracy to distribute crack cocaine, Stone was subject to the same penalties as those convicted of the underlying offenses set forth in 21 U.S.C. § 841(a). See 21 U.S.C. § 846. Section 841 provides that "[i]f any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment ..." 21 U.S.C. § 841(b)(1)(A). Stone was therefore properly sentenced to life imprisonment if his two Tennessee convictions from 1992 were for "felony drug offenses."

A "felony drug offense" means any offense punishable by more than one year imprisonment that "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Thus, the offense need only "relate to" controlled substances to qualify. T.C.A. § 39-17-417(a)(1)-(4) criminalizes the manufacture, delivery, or sale of a controlled substance, or possession with intent to do one of those things, all conduct that clearly "relates to" controlled substances. Courts have therefore consistently held that a conviction under Tennessee's controlled substances act qualifies as a valid predicate for an enhancement under 21 U.S.C. § 841(b)(1)(A). Cf. *United States v. Jones*, 205 F. App'x 327, 344-46 (6th Cir. 2006); *Walker v. United States*, No. 3:08-CR-TAV, 2015 WL 13532462, at *3 (E.D. Tenn. Aug. 10, 2015).

Stone's sentence was therefore properly enhanced under § 841(b)(1)(A). As for his reliance upon *Mathis*, that decision is simply not relevant to the sentencing enhancement applied in his case. In *Mathis*, the Supreme Court reiterated that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under 18 U.S.C. § 924(e)(1), only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52.

Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. Cf. *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). Stone's sentence, however, was not enhanced.

3

Stone's sentence was not enhanced under 924(e)(2)(A). Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because Stone had previously committed numerous "felony drug offenses." As noted above, to qualify as a "felony drug offense" no detailed comparison of elements is required – it need only be determined that the prior offense "related to" controlled substances. 21 U.S.C. § 802(44). Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Stone's case. Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) ("[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

The foregoing establishes that Mathis does not assist, or even apply to, Stone's circumstances, and thus his claim is substantively without merit. The Court further notes that Stone's claim under *Mathis* is not even properly brought in a Section 2241 petition. In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to the general rule that 28 U.S.C. § 2255, not § 2241, must be used to challenge a conviction or sentence. Under *Hill*, a challenge to a sentence is permissible in a § 2241

4

petition only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Stone's claim fails to satisfy at least the first and third requirements. Stone was sentenced in February 2005, approximately one month after *Booker* was decided. That said, Stone's sentence was imposed pursuant to a statutory mandatory minimum sentence, and it is unclear if the Sixth Circuit intended for this first requirement to apply under such circumstances. Nonetheless, the Supreme Court in *Mathis* merely reiterated what it had held long ago: that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has joined other circuits in expressly so holding. *In re: Conzelmann*, 872 F. 3d 375, 376-77 (6th Cir. 2017). See also *King v. Terris*,

5

No. 2: 17-CV-10611, 2017 WL 3263446, at *2-4 (E.D. Mich. July 31, 2017). Therefore Stone's *Mathis* claim cannot be entertained in a § 2241 petition.

For each of these reasons, the Court must deny the petition.

Accordingly, **IT IS ORDERED** that:

1. The petition filed pursuant to 28 U.S.C. § 2241 by Mack Stone [R. 1] is **DENIED** with respect to all issues raised in this proceeding.

2. The Court will enter an appropriate Judgment.

3. This matter is **DISMISSED** and **STRICKEN** from the active docket.

Entered November 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY